**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2021 JUL 23  PM 4: 19

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | |
|---|---|
| GREGORY ROYAL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  Case No. 1:21 CV0650 LY |
| | § |
| U.S. DEPARTMENT OF EDUCATION, | § |
| DR. MIGUEL CARDONA, in his official | § |
| capacity as Secretary of Education, | § |
| SUZANNE GOLDBERG, in her official | § |
| capacity as Acting Assistant Secretary | § |
| for the Office of Civil Rights, U.S. Department | § |
| of Education, and UNKNOWN STUDENT | § |
| LOAN COLLECTION COMPANY, to be | § |
| discovered, named, and served during discovery | § |
| in this proceeding, | § |
| | § |
| Co-Defendants. | § |
| | § |
| | § |

## VERIFIED COMPLAINT

Plaintiff, Gregory Royal (Plaintiff), proceeding *pro se*, hereby allege as follows:

### INTRODUCTION

1.      Plaintiff, Gregory Royal, proceeding *pro se*, brings this action pursuant to 5

U.S.C. § 552 et seq., especially the Privacy Act of 1974, as amended, 5 U.S.C. § 552a

("Privacy Act"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680

(2010), based on the U.S. Department of Education ("USDOE"), via its student loan collection

company agent acting on behalf of an in the stead of the USDOE (the USDOE and its student

loan collection company agent, hereinafter, collectively referred to as "Defendants"), disclosing

Plaintiff's private and personal federal student loan information to a third-party, a Ubachukwu

Odunukwe, without Plaintiff's consent, directly and proximately causing injuries to Plaintiff.

1

The Plaintiff requests a trial by jury.

2.      At all times material, the Defendant were duty-bound by the Privacy Act and the

FTCA to protect Plaintiff's private and personal federal student loan information from unlawful

disclosure.  The Privacy Act prohibits the disclosure of a record—*i.e.* Plaintiff's private and

personal federal student loan information–about an individual from a system of records absent

the written consent of the individual, unless the disclosure is pursuant to one of twelve statutory

exceptions.  The FTCA mandates the Defendants act—at all times material—with a duty of

care that protects the private and personal federal student loan records of the Plaintiff from

disclosure without the written consent of the Plaintiff.  The unauthorized disclosure of

Plaintiff's private and personal federal student loan records to Ubachukwu Odunukwe by the

Defendants proximately and directly caused Plaintiff severe and irreparable emotional, mental,

and physical injuries.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 et seq.,

especially the Privacy Act of 1974, as amended, 5 U.S.C. § 552a ("Privacy Act"), the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (2010), and the U.S.

Constitution, as it challenges the action of a federal agency, and 28 U.S.C. § 1331, as this

action asserts constitutional claims under the U.S. Constitution, Fourth Amendment, etc.

4.      In addition to monetary relief, this Court has jurisdiction to issue declaratory and

injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of

Civil Procedure.

5.      Venue is proper in the Western District of Texas because at all times material

Plaintiff was a resident and citizen of the state of Texas, having a permanent residence located

at 8100 N. Mopac Expy., #277, Austin, Texas 78759, and because a substantial part of the

injuries, events, or acts giving rise to Plaintiff's claims occurred in this judicial district.  At all

The Plaintiff requests a trial by jury.

times material, Defendants garnished Plaintiff's wages earned at the Toler Law Group, formerly located at 8500 Bluffstone Cove, Austin, TX 78759, telephone number (512) 327-5515. After garnishment of Plaintiff's wages terminated, Defendant sent multiple letters into the state of Texas demanding payments from Plaintiff and placed a deluge of threatening, harassing, and or annoying telephone calls into the state of Texas to Plaintiff's cellphone (737)808-6700. Defendants disclosed Plaintiff's private and personal federal student loan records and information with intent to cause Plaintiff injuries within the state of Texas, and with a prior knowledge that Defendants' breach of duty and unauthorized disclosure of Plaintiff's private and personal federal student loan records and information would directly and proximately cause Plaintiff the named injuries while Plaintiff was in the Western District of Texas.

6.       Divisional venue is appropriate because the Department of Education has permitted at least six of its discrete and distinct student loan collection companies to conduct its business to collect and or attempt to collect or garnish student loan payments from Plaintiff within the Western District of Texas. Consequently, a substantial part of the injuries, events or acts giving rise to Plaintiffs' claims occurred in the Western District of Texas.

## PARTIES

7.       Plaintiff Gregory Royal is a resident of Austin, Texas, having a permanent residence located at 8100 N. Mopac Expy., #277, Austin, Texas 78759, at all times material. Plaintiff describes the Defendants' breach of duty and violations of the Privacy Act, FTCA, and U.S. Constitution in his Declaration attached as Exhibit A.

8.       Defendant U.S. Department of Education, via Dr. Miguel Cardona, in his official capacity as Secretary of Education, having address U.S. Department of Education, Office for Civil Rights, Lyndon Baines Johnson Department of Education Bldg., 400 Maryland

3
The Plaintiff requests a trial by jury.

Avenue, SW, also having a regional office operating within the state of Texas at Dallas Office, U.S. Department of Education, 1999 Bryan Street, Suite 1620, Dallas, TX 75201-6810, telephone: (214) 661-9600.

9.      Defendant Suzanne Goldberg, in her official capacity as Acting Assistant Secretary for the Office of Civil Rights, U.S. Department of Education, having address of U.S. Department of Education, Office for Civil Rights, Lyndon Baines Johnson Department of Education Bldg., 400 Maryland Avenue, SW, also having address of Office for Civil Rights, Dallas Office, U.S. Department of Education, 1999 Bryan Street, Suite 1620, Dallas, TX 75201-6810, telephone: (214) 661-9600, email: OCR.Dallas@ed.gov, also having address of

10.     Unknown Student Loan Collection Company to be discovered, named, and served via discovery.  The student loan collection company used covert tactics robocalls, hidden telephone numbers (No Caller ID), and deceptive tactics to conceal and hide its physical address to prohibit Plaintiff from filing a civil lawsuit against it threats, harassment, and violations of Texas and federal laws.

### Statement of Facts

11.     At all times material, plaintiff Gregory Royal is a resident of the state of Texas having address located at 8100 N. Mopac Expy, Apt. 277, Austin, Texas 78759.

12.     From 2017 to 2019, Defendants placed threatening, harassing, and annoying telephone calls to Plaintiff's cellphone number (737)808-6700 and to Plaintiff's job at the Toler Law Group, 8500 Bluffstone Cove, Austin, TX 78759, telephone number (512) 327-5515. Defendants' harassed and disrupted the job performance of the office manager, telephone receptionists, secretaries, and Plaintiff via a deluge of telephone calls aimed at threatening, harassing, annoying, and causing Plaintiff injuries of mental and emotional (fear of losing his job, embarrassment, and depression) and physical form (head, neck, and abdominal aches).

4

13.     In response to the Defendants' threatening, harassing, annoying telephone calls placed to his cellphone and place of employment, Plaintiff repeatedly informed Defendants that Defendants would cause Plaintiff to be fired from his employment at the Toler Law Group.

14.     In response to Plaintiff's complaints that Defendants' incessant and numerous telephone calls daily—multiple telephone calls—to Plaintiff's cellphone and place of employment actions were malicious, confrontational, and unlawful, and would likely cause Plaintiff to be fired from his law job, Defendants responded with their deliberate indifference.

15.     In or about 2017 or 2018, Defendants garnished Plaintiff's salary for student loan payments. Defendants' salary garnishments shed Plaintiff in a false light before his employer, Toler Law Group, and placed Plaintiff on the chopping block to be fired under guise of layoffs. In April 2018, despite being only six months short of his two-year training period, was terminated from his employment at the Toler Law Group, against the strong arguments to retain Plaintiff by Plaintiff's immediate supervisor and mentor, Jason Moore.

16.     On July 23, 2019, Plaintiff received a telephone call from his friend Ubachukwu Odunukwe, U.S. Patent and Trademark Office, 501 (or 600) Dulany Street, Alexandria, VA 22314, (571) 272-8927, ubachukwu.odunukwe@uspto.gov, wherein Mr. Odunukwe stated to Plaintiff that the Defendants had disclosed to him that Plaintiff had four (4) separate federal student loans with the Department of Education. Mr. Odunukwe provided for each of the four (4) separate loans: (a) the original borrowed amounts, (b) the amount paid off, (c) the penalties accrued from nonpayment, (d) the current total amounts, and (e) the status of each loan which was "in default." Mr. Odunukwe also stated that he had made written notes of the four loans and would send that information to Plaintiff via cellphone text message.

17.     During that same telephone conversation on July 23, 2019, Plaintiff questioned Mr. Odunukwe as to whether the Defendants asked him question to verify his identity before

5

The Plaintiff requests a trial by jury.

providing Plaintiff's personal information regarding his student loans.  Mr. Odunukwe answered in the negative and told Plaintiff that the Defendants did not ask him to verify his identity before providing Plaintiff's personal information to Mr. Odunukwe.  Mr. Odunukwe assured Plaintiff that the Defendants did not ask him whether he was in fact Plaintiff or to provide any identifying information.

18.     On July 23, 2019, Mr. Odunukwe, via cellphone text messages, provided copies of the written notes he had taken from the Defendants disclosing Plaintiff's private and personal federal student loan information to Mr. Odunukwe.  The text messages having the written notes regarding each of the four (4) separate loans: (a) the original borrowed amounts, (b) the amount paid off, (c) the penalties accrued from nonpayment, (d) the current total amounts, and (e) the status of each loan which was "in default."

19.     During that same telephone conversation on July 23, 2019, Plaintiff informed Mr. Odunukwe that he would have to make a decision on whether he would bring a civil lawsuit against the Defendants for disclosing Plaintiff's private and personal federal student loan information to Mr. Odunukwe without Plaintiff's consent.

20.     In response to Mr. Odunukwe having informed Plaintiff of the Defendant's unauthorized disclosure of Plaintiff private and personal federal student loan information without Plaintiff's consent, Plaintiff became severely and physically ill because of the disclosure of his personal and private information about his student loans.  Plaintiff coughed uncontrollably and complained about aches in his stomach, chest and head that lasted for several days.  Plaintiff continued to express his anger and hurt over the Defedants' violation of his civil and constitutional right to privacy and disclosing his student loan information without his consent.

6
The Plaintiff requests a trial by jury.

21.     At all times material, the events and statements of paragraphs 16 to 20,
inclusive, were overheard, observed, and witnessed by a Tracy White, 8100 N. Mopac Expy.,
#277, Austin, Texas 78759, (240)532-1786. *See* Exhibit B – a copy of the Declaration of Tracy
White made in support of Plaintiff's civil lawsuit against the Defendants.

22.     On or about October 2019, Plaintiff contacted the U.S. Department of Education
and informed it of its violation of his right to privacy and that it had disclosed his private and
personal federal student loan information to Ubachukwu Odunukwe without Plaintiff's consent.
Plaintiff also requested that the U.S. Department of Education send a Standard Form 95, Claim
for Damage, Injury, or Death, to Plaintiff so that he could begin his administrative claim
against the Defendants.

23.     In response to Plaintiff's complaint to the U.S. Department of Education and his
request for the Standard Form 95 to being an administrative complaint, the U.S. Department of
Education representative obtained Plaintiff's name, address, telephone number, email, and
informed Plaintiff that a Form 95 would be sent to Plaintiff and that the U.S. Department of
Education would get back in touch with Plaintiff after its investigation into Plaintiff's
complaint.

24.     From October 2019 to on or about July 2020, the U.S. Department of Education
failed to and did not get back in touch with Plaintiff and it did not send Plaintiff the Standard
Form 95. The U.S. Department of Education had remained deliberately indifferent to
Plaintiff's complaint and had misled and deceived Plaintiff via its misrepresentations that it
would send Plaintiff the Form 95 and investigate Plaintiff's complaint regarding the
Defendant's disclosing his private and personal federal student loan information without
Plaintiff's consent.

The Plaintiff requests a trial by jury.

25.     On or about July 2020, via the United States Postal Service (USPS), Plaintiff

served his Standard Form 95 on the U.S. Department of Education. *See* Exhibit C – a copy of

Plaintiff's Standard Form 95 mailed to and served on the U.S. Department of Education in July

2020.

26.     Because the U.S. Department of Education has not only chosen to remain

deliberately indifferent to Plaintiff's complaints about Defendant's unauthorized disclosure of

Plaintiff's private and personal federal student loan information to Ubachukwu Odunukwe, and

the U.S. Department of Education's fraudulent, deceitful, and misleading conduct in refusing to

address Plaintiff's complaint, Plaintiff now bring this civil lawsuit against the Defendants.

## Count One
### (FTCA against U.S. Department of Education)

27.     The foregoing paragraphs 1-25 are realleged and incorporated by reference, as

though fully set forth herein.

28.     At all times material, the unknown student loan collection company acted at the

direction and on the behalf of, with the authority of the U.S. Department of Education, to

collect, attempt to collect, garnish salary of, and make communications to Plaintiff.  As such,

the unknown student loan company was, at all times material, a federal government employee.

29.     Plaintiff was injured by the federal government employee—i.e. unknown

student loan collection company—disclosing Plaintiff's private and personal federal student

loan information to Ubachukwu Odunuke without Plaintiff's consent.

30.     At all times material, the unknown student loan collection company was acting

within the scope of its official duties on behalf of the U.S. Department of Education.

31.     At all times material, the unknown student loan collection company had a duty

to protect the Plaintiff's private and personal federal student loan information and not to

The Plaintiff requests a trial by jury.

disclose said information to a third part without Plaintiff's consent.  The unknown student loan collection company breached its duty to protect said information by disclosing Plaintiff's private and personal federal student loan information to Ubachukwu Odunukwe.  Because the unknown student loan collection company disclose said information without Plaintiff's consent, it acted negligently and unlawfully in violation of the FTCA. *See* Exhibit C.

32.     The unauthorized disclosure of the Plaintiff's private and personal student loan information by the Defendants are—at all times material—a direct and or proximate caulse of the Plaintiff injuries.

**Count Two**
**(Privacy Act against U.S. Department of Education)**

33.     The foregoing paragraphs 26-31 are realleged and incorporated by reference, as though fully set forth herein.

**Count Three**
**(FTCA against Unknown Student Loan Collection Company)**

34.     The foregoing paragraph 32 is realleged and incorporated by reference, as though fully set forth herein.

**Count Four**
**(Privacy Act against Unknown Student Loan Collection Company)**

35.     The foregoing paragraphs 33 is realleged and incorporated by reference, as though fully set forth herein.

**JURY DEMAND**

**The Plaintiff requests trial by jury**.

WHEREFORE, the Plaintiff Gregory Royal prays that this Honorable Court award him:

(a)     The sum of $200,000.00 to be awarded against the Defendants in compensatory damages of physical injuries and emotional and mental suffered because of the

9
The Plaintiff requests a trial by jury.

unlawful disclosure of Plaintiff's private and personal federal student loan records/information, and violation of his civil and constitutional rights of privacy by the Defendants;

(b)     Declaratory and injunctive relief to be awarded against Defendants, as deemed appropriate by the Western District Court of Texas;

(c)     Punitive damages to be awarded against Defendants to deter such future unlawful acts, the punitive damages to be determined by a jury;

(d)     costs, expenses, and reasonable attorney fees (if any) incurred with this lawsuit with interest thereon; and

(e)     other damages and further relief as deemed just and proper by the Western District Court of Texas.

**FURTHER YOUR DECLARANT-PLAINTIFF SAYETH NOT**.

Pursuant to 28 U.S.C. § 1746, and the laws of the state of Texas, I hereby declare that the aforementioned is true and correct, under penalties for perjury.

**Executed on this 23rd day of July 2021**.

Respectfully submitted,

Gregory Allen Royal *pro se*
Plaintiff
8100 N. Mopac Expy., Apt. 277
Austin, Texas 78759
(737)808-6700

The Plaintiff requests a trial by jury.