United States District Court
Western District of Texas
Austin Division

Gregory Royal,
  Plaintiff,

v.                                                    No. 1-21-cv-0650-LY-DH

U.S. Department of Education; Dr. Miguel
Cardona, in his official capacity as Secretary
of Education; Suzanne Goldberg, in her
official capacity as Acting Assistant Secretary
for the Office of Civil Rights, U.S.
Department of Education; and Unknown
Student Loan Collection Company, to be
discovered, named, and served during
discovery in this proceeding,
  Defendants.

**Defendant U.S. Department of Education, Dr. Miguel Cardona, and Suzanne Goldberg's
Motion to Dismiss Complaint**

Defendants U.S. Department of Education, Dr. Miguel Cardona, in his official capacity,

and Suzanne Goldberg, in her official capacity, (collectively, the "Federal Defendants") move the

Court to dismiss Plaintiff Gregory Royal's[1] Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (6). Plaintiff sues under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. §§ 1346(b) and 2671, *et seq*., and the Privacy Act, 5 U.S.C. § 552a. Plaintiff cannot sue

the Federal Defendants under the FTCA. In addition, the Court lacks jurisdiction over Plaintiff's

FTCA claims because Plaintiff failed to exhaust his administrative remedies prior to suit.

Moreover, to the extent Plaintiff asserts a claim for violation of the Privacy Act, Plaintiff cannot

---

[1] Mr. Royal is an attorney licensed to practice law in Illinois and has been for over 12 years. Ex.
1. Although a district court might err if it dismisses a *pro se* complaint for failure to state a claim
under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend, *Amanduron v. Am.
Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011), this requirement generally applies only if the
plaintiff has not alleged his "best case." *See Dark v. Potter*, 293 F. App'x 254, 256–57 (5th Cir.
2008). Mr. Royal's legal training and experience obviate the need for the typical *pro se*
considerations as to pleadings in this case.

**Federal Defendants' Motion to Dismiss**                                                    **1**

bring such a claim under the FTCA. Finally, Plaintiff's FTCA claims prior to July 23, 2019 are barred under the statute of limitations.

As to Plaintiff's claims under the Privacy Act, Plaintiff has failed to adequately allege a violation of the Privacy Act. In addition, Plaintiff's Privacy Act claims prior to July 23, 2019 are barred under the statute of limitations.

## I.  Background

Plaintiff's allegations lump together multiple defendants into a single group of defendants for all of his allegations. ECF No. 1 at ¶ 1. Plaintiff then alleges that these undifferentiated defendants attempted to collect money owed under Plaintiff's student loans, including garnishing his wages in 2017 or 2018. *Id.* at ¶ 15. Plaintiff alleges that he was part of layoffs in April 2018 that his employer stated were unrelated to the wage garnishment. *Id.*

Plaintiff alleges that on July 23, 2019, an unknown student loan company disclosed details of his student loans to a friend of Plaintiff, Ubachukwu Odunukwe. ECF No. 1-1 at ¶¶ 5–6. Plaintiff does not allege that Mr. Odunukwe spoke directly to anyone at the Department of Education. *Id.*

## II.  Legal Standard

### A.  Motion to Dismiss Standards

Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims absent jurisdiction the Constitution or a statute confers. *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[T]here is a presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The plaintiff bears the burden of demonstrating jurisdiction in Federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017) ("We must presume that a suit

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (same); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Absent jurisdiction a statute or the Constitution confers, Federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also* Fed. R. Civ. P. 12(h)(3). Parties cannot waive the lack of jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "[W]hether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted).

"To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009)). The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court stated in *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

**Federal Defendants' Motion to Dismiss**                                              **3**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, a complaint that does no more than recite the legal elements of a purported claim, cannot survive a motion to dismiss, and non-conclusory allegations must plausibly allege a plaintiff's entitlement to relief. The U.S. Supreme Court has elaborated:

> [I]f as a matter of law "it is clear that no relief could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Furthermore, a court need not accept allegations in the complaint as true; rather, a court may consider facts and exhibits outside of the pleadings and may resolve factual questions without converting the motion into one for summary judgment. *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

**B. Sovereign Immunity**

As sovereign, the United States is immune from suit unless it expressly consents to be sued by act of Congress. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Wright ex rel. Wright v. United States*, 639 F. App'x 219, 222 (5th Cir. 2016); *Shanklin v. Fernald*, 539 F. Supp. 2d 878, 884 (W.D. Tex. 2008) (citing *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)). However, the "[w]aiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing *Willoughby*, 730 F.3d at 480).

The FTCA, subject to certain exceptions that are applicable in this case, waives the sovereign immunity of the United States. The FTCA makes the United States liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An actionable claim must include:

> the six elements of § 1346(b), which are that the claim be: '[1] against the United States, [2] for money damages, … [3] for injury or loss of property, or personal injury or death [4] caused by the negligence or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person,

would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" [2]

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting 28 U.S.C. § 1346(b)). A court should construe narrowly, in favor of the United States, any waiver of sovereign immunity. *Wright*, 639 F. App'x at 222; *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (citing *Lane v. Peña*, 518 U.S. 187, 192 (1996)). The party seeking to sue the government constantly bears the burden to show Congress's unequivocal waiver of sovereign immunity. *Kokkonen*, 511 U.S. at 377; *St. Tammany Par. v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009); *Ramming*, 281 F.3d at 161.

## III.  Argument

### A.  A Federal Agency and Federal Employees are Not Proper Parties in an FTCA Action

Plaintiff's claims against Federal Defendants under the FTCA should be dismissed because none of the Federal Defendants is a proper party in an FTCA case. "[T]he United States, and not the responsible agency or employee, is the proper party defendant in Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "[A]n agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act. Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (internal citations omitted). Here, Plaintiff has sued a federal agency and two federal employees in their official capacity under the FTCA. As these are not proper defendants under the FTCA, the Court should dismiss all claims against the Federal Defendants for lack of jurisdiction.

---

[2] A "plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Brownback*, 141 S. Ct. at 749. Thus, failure to survive a Rule 12(b)(6) motion also means "the United States necessarily retained sovereign immunity, also depriving the court of subject-matter jurisdiction." *Id.*

**Federal Defendants' Motion to Dismiss**                                                          **5**

**B. Plaintiff Failed to Exhaust his Administrative Remedies under the FTCA**

The FTCA places conditions and limitations on the waiver of sovereign immunity. As a prerequisite to waiving sovereign immunity, the FTCA requires presentment of a claim to the appropriate federal agency first, and the agency must either deny or dispose of the claim within six months:

> An action **shall not be instituted** upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless** the claimant shall have first presented the claim to the appropriate Federal agency **and his claim shall have been finally denied by the agency in writing** and sent by certified or registered mail. **The failure of an agency to make final disposition of a claim within six months after it is filed shall**, at the option of the claimant any time thereafter, **be deemed a final denial of the claim for purposes of this section.**

28 U.S.C. § 2675(a) (emphasis added). The Fifth Circuit has recognized that presentment is a jurisdictional prerequisite to actions brought under the FTCA. *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (citing *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992)). Congress instituted this presentation requirement "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994). "Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *McNeil v. United States*, 508 U.S. 106, 112 (1993).

Ultimately, "[t]he failure of a claimant to exhaust his administrative remedies *prior to filing an action* under the FTCA deprives the court of subject matter jurisdiction over the suit." *Ross v. Runyon*, 858 F. Supp. 630, 636 (S.D. Tex. 1994) (emphasis added) (citing *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984); *Taylor v. Adm'r of Small Bus. Admin.*, 722 F.2d 105, 110 (5th Cir. 1983)); *see also Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019)

(affirming district court holding that administrative exhaustion requirements of FTCA are jurisdictional prerequisites to suit).

A plaintiff cannot cure this jurisdictional defect after filing suit. The Supreme Court has interpreted the FTCA to require the dismissal of any suit brought in federal court prior to the full exhaustion of administrative remedies, even if the claimant receives a final determination or the six-month waiting period expires while the federal action is pending. *McNeil*, 508 U.S. at 111–12 (requiring complete exhaustion of administrative remedies before invocation of the judicial process and calling lawsuit filed before complete exhaustion premature); *see also Roque v. Meeks*, 332 Fed. App'x 162, 163 (5th Cir. 2009) (requiring exhaustion of administrative remedies before bringing suit); *Lopez-Heredia v. Univ. of Tex. Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) (same); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) (finding exhaustion of administrative remedies to be a jurisdictional prerequisite to suit under the FTCA); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) ("Waivers of sovereign immunity must be strictly construed. Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed.").

Here, the Department of Education regulations provide that administrative FTCA claims must be filed with the Department of Education Claims Officer in Washington, D.C. 34 C.F.R. § 35.2(c). The Department's records demonstrate that it never received an administrative claim. Ex. 2.[3]

Since Plaintiff filed this lawsuit prior to submission of a claim to the appropriate agency, there is no waiver of sovereign immunity or consent to be sued under that section. "Failure to

---

[3] Plaintiff claimed to have made an administrative complaint as Exhibit C to his Complaint, but Plaintiff did not attach Exhibit C to his Complaint or serve it on Defendants.

**Federal Defendants' Motion to Dismiss**                                    7

follow the [FTCA's] procedure to exhaust administrative remedies deprives a district court of subject matter jurisdiction." *Young v. United States*, No. 5:19-cv-619-JKP, 2020 WL 8299733, at *2 (W.D. Tex. Apr. 13, 2020) (citing *Reynolds*, 748 F.2d at 292–93); *see also Santos v. United States*, No. DR-21-CV-0016-AM, 2021 WL 4739278, at *2 (W.D. Tex. Oct. 4, 2021) ("Failure to comply robs the court of subject matter jurisdiction."). Moreover, the Supreme Court has explained that the receipt of a subsequent denial does not "breath[e] life into the suit." *In re Katrina Canal Breaches Consol. Litig.*, CA 07-4608, 2010 WL 487431, at *11 (E.D. La. Feb. 2, 2010); *see McNeil*, 508 U.S. at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Camarillo v. United States*, No. 2:19-cv-54-AM-CW, 2020 WL 4557052, at *6 (W.D. Tex. May 7, 2020) ("Case law, however, firmly establishes that where a plaintiff fails to heed the clear statutory command of § 2675 by failing to exhaust administrative remedies, the suit must be dismissed without prejudice—not stayed or held in abeyance.").

Thus, in accordance with established precedent, this Court lacks subject matter jurisdiction and should dismiss Plaintiff's claims under the FTCA.

### C. Plaintiff Fails to Allege a Claim to Which the United States Has Waived Sovereign Immunity Under the Privacy Act

To the extent Plaintiff brings a claim for violation of the Privacy Act, the United States has not waived sovereign immunity for Plaintiff's claim. Either Plaintiff attempts to bring a Privacy Act violation as a claim under the FTCA, or Plaintiff seeks to bring a standalone claim under the Privacy Act. In either case, Plaintiff's claim fails.

### 1. A Privacy Act Violation is Not a Basis for an FTCA Claim

The Fifth Circuit recognizes that "alleged violations of the federal Privacy Act cannot be the basis for FTCA claims." *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). This is because "the FTCA waives the United States government's sovereign immunity only 'under

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* Thus, "it is well-established that a federal agent's failure to fulfill duties imposed upon him solely by federal statute cannot stand alone as a basis for suit under the FTCA." *Id.* A private person in Texas has no obligations under the Federal Privacy Act. 5 U.S.C. § 552a. The relevant inquiry is whether the federal agent violated applicable state tort laws, not whether there was a Privacy Act violation. *Coleman*, 912 F.3d at 835. Thus, to the extent Plaintiff bases any FTCA claim on a violation of the Privacy Act, the United States has not waived its sovereign immunity for such a claim and the Court should dismiss it.

### 2.  Plaintiff Fails to Allege Facts Sufficient for a Standalone Privacy Act Claim

A standalone Privacy Act claim separate from the FTCA also fails based on Plaintiff's allegations. A claim under the Privacy Act is limited in this context to the disclosure of information from a system of records, which is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number …." 5 U.S.C. § 552a(a)(5). Here, Plaintiff does not allege that Federal Defendants disclosed information from their system about Plaintiff to Mr. Odunukwe. Rather, an unnamed student loan company allegedly disclosed information about Plaintiff to Mr. Odunukwe. *See* ECF No. 1-1 at ¶ 5–6. Likewise, a Privacy Act violation requires the **agency** act in an intentional or willful manner. U.S.C. § 552a(g)(4). Plaintiff alleges nothing more than conclusory statements devoid of any factual basis for the proposition that the Department of Education acted in an intentional or willful manner.

Assuming, however, Plaintiff has otherwise pled the elements of a Privacy Act claim (which Federal Defendants deny), the United States is only liable under the Privacy Act for "actual damages." 5 U.S.C. §§ 552a(g)(1)(D), (g)(4)(A); *see also F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012). In *Cooper*, the Supreme Court interpreted this requirement to mean "proven pecuniary or economic harm." *Cooper*, 566 U.S. at 299. "[M]ental and emotional distress … do not meet the Supreme Court's definition of actual damages under the Privacy Act." *Gause v. U.S.*

*Dep't of Def.*, 676 F. App'x 316, 318 (5th Cir. 2017) (citing *Cooper*, 566 U.S. at 304)). Here, Plaintiff only refers to emotional damages resulting from the alleged disclosure in violation of the Privacy Act. ECF No. 1 at ¶ 20. Plaintiff's failure to make factual allegations supporting actual damages from the alleged July 23, 2019 Privacy Act violation is insufficient to support a claim under the Privacy Act. *Gause*, 676 F. App'x at 318.

Thus, to the extent Plaintiff's claims include a standalone claim under the Privacy Act, the Court should dismiss any such claim.

### D. The Statute of Limitations Bars Plaintiff's Claims for Events Prior to July 23, 2019

Both the Privacy Act and the FTCA have statute of limitations no greater than two years. Under the Privacy Act, an "action to enforce any liability created by this section … may be brought … within two years from the date on which the cause arises." 5 U.S.C. § 552a(g)(5). Likewise, a tort claim "shall be forever barred" unless brought within two years. 28 U.S.C. § 2401(b). Here, Plaintiff filed his lawsuit on July 23, 2021. Thus, any of Plaintiff's claims for events prior to July 23, 2019 are barred under the relevant statutes.

### IV. Conclusion

In suing the Federal Defendants, Plaintiff must establish the existence of a cognizable cause of action, the government's waiver of sovereign immunity regarding that cause of action, and the Court's subject matter jurisdiction to entertain that cause of action. Plaintiff has failed to establish the subject matter jurisdiction of this Court, any waiver of sovereign immunity, or any claim upon which relief maybe granted against the Federal Defendants. For any or all of these reasons, the Complaint should be dismissed pursuant to Rules 12(b)(1) and (6).

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By:   */s/ Matthew Mueller*

Matthew Mueller
Assistant United States Attorney
Texas Bar No. 24095592
903 San Jacinto Blvd., Suite 334
Austin, Texas  78701
(512) 370-1262 (phone)
(512) 916-5854 (fax)
matthew.mueller@usdoj.gov

**Certificate of Service**

I certify that on February 22, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒   I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

Gregory Royal
8100 N. Mopac Expy., Unit 277
Austin, Texas 78759


*/s/ Matthew Mueller*
Matthew Mueller
Assistant United States Attorney