FILED
MAR 2 3 2022
CLERK, U S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GREGORY ROYAL, § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> UNITED STATES DEPARTMENT OF § <br> EDUCATION; DR. MIGUEL CARDONA, § <br> IN HIS OFFICIAL CAPACITY AS THE § <br> SECRETARY OF EDUCATION; § <br> SUZANNE GOLDBERG, IN HER § <br> OFFICIAL CAPACITY AS § <br> ACTING ASSISTANT SECRETARY § <br> FOR THE OFFICE OF CIVIL § <br> RIGHTS, UNITED STATES § <br> DEPARTMENT OF EDUCATION; § <br> AND JOHN DOE, UNKNOWN § <br> STUDENT LOAN COLLECTION § <br> COMPANY, § <br> DEFENDANTS. § | CAUSE NO. A-21-CV-650-LY |

## ORDER

Before the court is Defendants United States Department of Education, Dr. Miguel Cardona, and Suzanne Goldberg's (the "Federal Defendants") Motion to Dismiss Complaint filed February 22, 2022 (Doc. #20). Although this dispositive motion is unopposed, dismissal is not automatic, and the court must determine whether it has jurisdiction over this lawsuit, and whether Royal has failed to state a claim upon which relief can be granted. *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). Having considered the Federal Defendants' motion, the record, and the relevant law, the court finds that the motion should be granted.

### I. BACKGROUND

Plaintiff *pro se* Gregory Royal's complaint alleges that the Federal Defendants, along with an "Unknown Student Loan Collection Company," violated the Federal Tort Claims Act ("FTCA")

and the Privacy Act by disclosing Royal's "private and personal federal loan information to a third-party" without Royal's consent. Royal alleges that the Federal Defendants made "threatening, harassing, and annoying telephone calls to his cellphone and place of employment" regarding his student loans, and began garnishing his wages around 2017 for "student loan payments." Royal was terminated from his employment in April 2018 "under the guise of layoffs," though he alleges that it was the Federal Defendants' garnishment of his salary that in fact "placed [him] on the chopping block." Following termination of his employment, Royal alleges that the unidentified student loan collection company disclosed details of his student loans to his friend, an employee at the United States Patent and Trademark Office. As a result of the alleged disclosure of private information regarding his student loans, Royal "became severely and physically ill."

The Federal Defendants filed their motion on February 22, 2022. To date, Royal has not responded the motion. The Federal Defendants seek to dismiss each of Royal's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the Federal Defendants contend that Royal's FTCA claim against the Federal Defendants should be dismissed under Rule 12(b)(1) because they are barred by sovereign immunity, and because Royal failed to exhaust his administrative remedies. Moreover, the Federal Defendants argue that Royal has failed to allege facts in support of a standalone Privacy Act Claim, which in any event is barred under the relevant statute of limitations for such a claim.

## II. LEGAL STANDARD

A federal court must dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction." Fed. R. Civ. P. 12(h)(3). Thus, lack of subject-matter jurisdiction may be raised at any time by any party, or by the court *sua sponte*. *Bank One Texas v. United States*, 157 F.3d 397, 403 (5th Cir. 1998); *MCG, Inc. v. Great Western Energy Corp.*,

2

896 F.2d 170, 173 (5th Cir. 1990). The plaintiff bears the burden of establishing federal jurisdiction. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (presumption against subject-matter jurisdiction must be rebutted by party bringing action to federal court). A motion to dismiss for lack of subject-matter jurisdiction must be considered before any other challenge. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception."); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (court must find jurisdiction before determining validity of claim).

After determining it has jurisdiction, courts may evaluate motions to dismiss for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has

alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Royal brings two statutory claims against the Federal Defendants. The Federal Defendants argue that Royal's FTCA claim fails because it is barred by sovereign immunity, and Royal has failed to exhaust his administrative remedies with regard to the claim. The Federal Defendants further contend that Royal's Privacy Act claim similarly fails because it is barred by sovereign immunity and the relevant statute of limitations, and in any event, fails to state a claim as a matter of law. The court agrees.

As to Royal's FTCA claim, the Fifth Circuit has repeatedly stated that "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *Farmer v. Louisiana Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388-89 (5th Cir. 2014) ("The United States, and not the agency itself, is the proper defendant in an FTCA action."). Here, Royal named the United States Department of Education and two federal employees as defendants, and not the United States itself. As such, his FTCA claim must be dismissed for lack of jurisdiction. *Galvin*, 860 F.2d at 183 ("an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction").

The Court further finds that the John Doe "Unknown Student Loan Collection Company" against whom Royal also brought a FTCA claim in his complaint, is similarly not a proper defendant to a FTCA claim. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.");

4

*Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All defendants [named in FTCA suit] other than the United States [are] properly dismissed for lack of subject matter jurisdiction."). The court will thus also dismiss Royal's FTCA claim against the John Doe "Unknown Student Loan Collection Company" named in the complaint. *See Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that we must consider the basis of our own jurisdiction, *sua sponte* if necessary.").

Royal's Privacy Act claim must also be dismissed for failure to state a claim. To state a claim under the Privacy Act, a plaintiff must plead the following elements: (1) the information is a "record" within a "system of records;" (2) the agency disclosed the information; (3) the disclosure had an adverse effect on him; and (4) the disclosure was intentional or willful. 5 U.S.C. § 552a(g); *Jacobs v. National Drug Intelligence Center*, 423 F.3d 512, 516 (5th Cir. 2005). Here, Royal has not alleged that the Department of Education itself improperly disclosed information related to his student loans, but rather that an unidentified student loan company released such information. Moreover, Royal has failed to plead that any improper disclosure on the part of the federal agency was "intentional or willful" in nature. *See id.* As such, Royal has failed to state a claim against the Board of Education for violation of the Privacy Act, and his claim against it will be dismissed.

The court will also dismiss Royal's Privacy Act claim against the "Unknown Student Loan Collection Company," and the individually-named federal employees in his complaint since the civil remedies provided for in the Privacy Act are "clearly limited to actions against agencies of the United States Government." *Raiford v. Cty. of Forrest, Miss.*, No. 2:16-CV-174-KS-MTP, 2018 WL 3323627, at *3 (S.D. Miss. Feb. 23, 2018), *report and recommendation adopted*, No. 2:16-CV-174-KS-MTP, 2018 WL 1626035 (S.D. Miss. Apr. 4, 2018); *Petrus v. Bowen*, 833 F.2d

581, 582 (5th Cir. 1987) (holding that federal agency is proper defendant in cause of action under the Privacy Act). Royal's Privacy Act claim against the "Unknown Student Loan Collection Company," and the individually named federal employees, must also be dismissed. *See Perez*, 784 F.3d at 280.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that the Federal Defendants' Motion to Dismiss Royal's Complaint (Doc. #20), is **GRANTED**. Royal's claims are **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 23rd day of March, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

6